No. CC-25-1002

# IN THE UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE NINTH CIRCUIT

In re: Leslie Klein,
Debtor

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The
Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie
Klein, a trust; Barbara Klein, an individual,
Adverse Proceeding Defendants, Appellants
v.
Bradley D. Sharp, Chapter 11 Trustee,
Adverse Proceeding Plaintiff, Appellee
On Appeal from the United States Bankruptcy Court
For the Central District of California
BK Case No. 2:23-bk-10990-SK
Adv. Case No. 2:24-ap-01140-SK
Honorable Sandra Klein

## APPELLANTS' OPENING BRIEF

Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com
Attorney for Adverse Proceeding Defendants, Appellants,
Leslie Klein, The Second Amended Klein Living Trust, The Marital Deduction
Trust of Erika Klein, The Survivor's Trust of Leslie Klein, Barbara Klein

# TABLE OF CONTENTS

Page

COVER PAGE …………………………………………………… 1

TABLE OF CONTENTS ………………………………………… 2

TABLE OF AUTHORITIES ……………………………………... 4

JURISDICTIONAL STATEMENT…………………………………… 6

STATEMENT OF ISSUES …………………………………………… 7

RELEVANT FACTS FOR REVIEW…………………………………. 8

SUMMARY OF ARGUMENT ………………………………………... 10

ARGUMENT ………………………………… ……………………… 12

1. THE BANKRUPTCY COURT CANNOT GRANT A JUDGMENT IN QUIET TITLE UNDER CCP §762.010 ET SEQ. EFFECTIVE AGAINST PARTIES NAMED IN THE SECOND AMENDED KLEIN LIVING TRUST BUT NOT NAMED AS PARTIES TO THE ACTION. SUCH PARTIES CANNOT BE DENIED THEIR DAY IN COURT. …………………………………… 12

2. THE BANKRUPTCY COURT CANNOT GRANT A JUDGMENT IN QUIET TITLE UNDER CCP §762.010 ET SEQ. AGAINST PARTIES ONLY NAMED AS TRUSTS. …………………………………………………….. 13

3. THE BANKRUPTCY COURT COULD NOT TREAT THE SECOND AMENDED KLEIN LIVING TRUST AS "SELF-SETTLED" BY DEBTOR WHEN IT EXPLICITLY PROVIDES THAT THE MARITAL DEDUCTION TRUST AND CREDIT TRUST (DEPENDING ON CIRCUMSTANCES) INCLUDING THE JUNE STREET PROPERTY ARE FUNDED FROM THE COMMUNITY SHARE OF THE DECEASED ERIKA KLEIN FOR THE ULTIMATE BENEFIT OF HER CHILDREN. THE SECOND AMENDED KLEIN LIVING TRUST WAS CREATED IN 1990 AND BECAME PARTLY IRREVOCABLE IN 2012 ON THE DEATH OF ERIKA KLEIN AS TO HER HALF OF THE COMMUNITY PROPERTY AND THE MARITAL DEDUCTION TRUST AND CREDIT TRUST, MORE THAN 10 YEARS BEFORE THE DATE OF BANKRUPTCY. ….. 14

4. THE INCLUSION OF THE JUNE STREET PROPERTY IN THE SECOND AMENDED KLEIN LIVING TRUST CONSTITUTES A CONVEYANCE OF THE JUNE STREET PROPERTY WITHOUT A SEPARATE DEED PURSUANT TO ESTATE OF HEGGSTAD 16 CAL. APP. 4TH 193 AND PROBATE CODE §15200 RATHER THAN REQUIRING A SEPARATE DEED AS ASSERTED BY PLAINTIFF PURSUANT TO CIVIL CODE §1092. ………………………. 17

5.      THE RECORDING OF THE SECOND AMENDED KLEIN LIVING TRUST
        WHOSE TERMS INCORPORATE THE JUNE STREET PROPERTY AND THE
        TERMS OF THE MARITAL DEDUCTION TRUST AND THE CREDIT TRUST
        AND SURVIVOR'S TRUST AS WELL AS OTHER PARTIES TO THE
        RECORDED SECOND AMENDED KLEIN LIVING TRUST AS SET FORTH IN
        THE PRAYER AND THUS GIVES NOTICE THEREOF AND THAT
        BANKRUPTCY CODE §544(a)(3) IS NOT APPPLICABLE. …………… 18
6.      THE PRESENCE OF BARBARA KLEIN, RESIDENT IN THE JUNE STREET
        PROPERTY, IS SUFFICIENT TO PUT A PARTY (INCLUDING THE TRUSTEE)
        ON NOTICE OF HER RIGHTS SO THAT NO ONE COULD BE A BONA FIDE
        PURCHASER. ………………………………………………………….. 18
7.      THE PARTIES TO THE ACTION OR TO THE SECOND AMENDED KLEIN
        LIVING TRUST OTHER THAN DEBTOR ARE ENTITLED TO THE LEGAL
        PROTECTIONS OF THEIR INTERESTS IN THEIR OWN STEAD AND THEY
        SHOULD NOT BE IMPAIRED BY ANY PURPORTED ESTOPPELS OR OTHER
        ALLEGED ACTIONS OR OMISSIONS BY DEBTOR. …………………… 20

CONCLUSION …………………………………………………………….. 20

CERTIFICATE OF COMPLIANCE ………………………………………. 22

CERTIFICATE OF SERVICE ……………………………………………… 23

# TABLE OF AUTHORITIES

Page

**CASES:**

Carolco Television Inc. v. Nat'l Broad. Co.
(In re De Laurentiis Entm't Group Inc.), 963 F. 2d 1269, 1271-72 (9th Cir. 1992) .......   9

Cummings v. Stanley, 177 Cal. App. 4th 493, In re B.S., 65 Cal. App. 5th 888 ...........   14

Cutter v. Seror (In re Cutter) 398 B.R. 6, 2008 Bankr. LEXIS 3848 ......................   16

Employers Reinsurance Co. v. Superior Court 161 Cal. App. 4th 906 (2008) .............   9, 16

Estate of Heggstad 16 Cal. App. 4th 193 .................................................   7, 18

In re Ireva Holdings, LLC, 2011 Bankr. LEXIS 5614, 2011
WL 10656544 at *2 (Bankr. E.D. Cal. 2011) .............................................   19

In re Salkin 526 B.R. 31, 2015 Bankr. LEXIS 597 .......................................   16

In re Weisman, 5 F.3d 417, 420 (9th Cir. 1993) .........................................   19

In re Zubenko, 528 B.R. 784 (2015) .....................................................   8, 19

Nelson v. California Trust Co., 33 Cal. 2d 501 (1949) ...................................   7, 15

Ocean Shore R.R. Co. v. Spring Valley Water Co., 218 Cal. 86 [21 P.2d 588] ...........   20

Portico Management Group v. Harrison, 202 Cal. App. 4th 464, 473 (2011) .............   14

Presta v. Tepper 179 Cal. App. 4th 909 (2009) ..........................................   7, 14

Three Sixty Five Club v. Shostak, 104 Cal. App. 2d 735 .................................   20

Wallace v. Williams 156 Cal. App. 2nd 646 (1958) ......................................   19

Weisman, 5 F.3d at 420
(citing Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1354 (9th Cir. 1988) ..........   19

Woodworking Enters., Inc. v. Baird
(In re Baird), 114 B.R. 198, 201 (9th Cir. BAP 1990) ...................................   8

**STATUTES:**

Bankruptcy Code 11 U.S.C. §§ 101 .......................................................   6

Bankruptcy Code 11 U.S.C. §§ 1101 ......................................................   6

Bankruptcy Code §544(a)(3) ........................................................ 8, 11, 18, 19

California Civil Code §1214 …………………………………………………………… 19

California Civil Code §1217 …………………………………………………………… 19

Civil Code §1092 …………………………………………………………….. 7, 11

Code of Civil Procedure §762.010 …………………………………………… 7, 10, 12, 13

Code of Civil Procedure §1856 …………………………………………………… 9, 16

Federal Rules of Bankruptcy Procedure §8002 …..……………………………………… 6

Federal Rules of Civil Procedure §19 …………………………………………… 7, 12, 13, 19

Probate Code §15200 ……………………………………………………………… 7, 17

Probate Code §15304(a) …………………………………………………………… 7, 15

Probate Code §15304(b) …………………………………………………………… 7, 15

# <u>JURISDICTIONAL STATEMENT</u>

The basis for the Bankruptcy Court's subject matter jurisdiction is the Petition in Chapter 11 under the *Bankruptcy Code 11 U.S.C. §§ 101 et seq., 1101 et seq.* filed February 22, 2023 by Defendant Appellant Klein.

The basis for the Bankruptcy Appellate Panel's jurisdiction is Defendant Appellant filed a Notice of Appeal and Statement of Election electing the Bankruptcy Appellate Panel.

*"FRAP 8002(a)(1): Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of judgment, order, or decree being appealed."*

On January 3, 2025, Notice of Appeal re: Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants entered December 20, 2024, filed in Bankruptcy Court.

The basis for Appeal to the Bankruptcy Appellate Panel is that the order appealed from granting the Motion for Summary Judgment on All Claims for Relief Against Defendants filed December 20, 2024 is within 14 days of filing the appeal on January 3, 2025. The filing dates establish the timeliness of the appeal in the Bankruptcy Appellate Panel.

The appeal is from a final judgment, order, or decree.

# STATEMENT OF ISSUES

1. The Bankruptcy Court cannot give summary judgment as to beneficiaries of the trust who are not named as defendants whether or not the Court denied a motion under *Rule 19* to join some of them as parties. They cannot be deprived of their days in court. See Code Commissioner's Report to *CCP §762.010*.

2. A purported party named only as a trust cannot sue or be sued. *Presta v. Tepper 179 Cal. App. 4th 909 (2009)*.

3. The Bankruptcy Court cannot characterize the Second Amended Klein Living Trust as *"self-settled"* as to Debtor where it explicitly provides that the Marital Deduction Trust and Credit Trust including the house are funded from his late wife's community share. Debtor therefore enjoys the benefit of the spendthrift trust provisions *(Probate Code §15304(b) as opposed to Probate Code §15304(a)). Nelson v. California Trust Co., 33 Cal. 2d 501 (1949)*.

4. The house was properly conveyed to the Second Amended Klein Living Trust by its inclusion in the Trust pursuant to *Estate of Heggstad 16 Cal. App. 4th 193* and *Probate Code §15200* as opposed to requiring a separate deed as contended by Plaintiff with *Civil Code §1092*.

5. The recording of the Second Amended Klein Living Trust on April 11, 2013 after the death of Erika Klein in December 2012 gave notice of its terms as well as Schedule A (the house), the Marital Deduction Trust, Credit Trust and Survivor's Trust and hence *Bankruptcy Code §544(a)(3)* is inapplicable.

6. Under California law, the residence of Barbara Klein in the June Street Property was sufficient to put a party such as the Trustee in notice of her rights. *In re Zubenko, 528 B.R. 784 (2015)*.

7. The parties to the Complaint and the Second Amended Klein Living Trust are entitled to have their cases decided on their own merits and not have grounds of estoppel or other alleged errors of Debtor attributed to them, there having no evidence supporting the same.

## <u>RELEVANT FACTS FOR REVIEW</u>

<u>Standard of Review</u>

The Bankruptcy Appellate Panel reviews de novo the bankruptcy court's ruling on a motion for summary judgment. *Woodworking Enters., Inc. v. Baird (In re Baird), 114 B.R. 198, 201 (9th Cir. BAP 1990).* Viewing the evidence in a light most favorable to the non-moving party (i.e., Debtor), the Bankruptcy Appellate Panel determines whether the bankruptcy court correctly found that there are no genuine issues of material fact and that the moving party is entitled to judgment as

a matter of law. *Id.; Carolco Television Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Group Inc.), 963 F. 2d 1269, 1271-72 (9th Cir. 1992)*.

The underlying case is a quiet title action under *CCP §720.010 et seq.* by the Trustee in Bankruptcy as plaintiff seeking to establish title to the subject property, a house at 322 N. June Street, Los Angeles, California, originally purchased in 1977 by Debtor Leslie Klein and his first wife Erika Klein as Trustees of their Trust. In 1990, they executed the Second Amended Klein Living Trust naming the subject property as an asset of the Trust, the Marital Deduction Trust, Credit Trust as well as the Survivor's Trust as subtrusts. Erika Klein died in December 2012 and the Second Amended Klein Living Trust was recorded in April 11, 2013.

The Second Amened Klein Living Trust provides that on the death of the first trustor, his/her share of the community property funded the Marital Deduction Trust and the Credit Trust. It is clear from the Trust terms pertaining to the house and the Marital Deduction Trust as well as the declaration of Leslie Klein and the course of performance that the use of the house by Leslie Klein was limited so as to pass to their children and is not a source of income. See *CCP § 1856* (which explicitly applies to trusts) and *Employers Reinsurance Co. v. Superior Court 161 Cal. App. 4th 906 (2008)*.

Debtor Leslie Klein remarried Barbara Klein and in connection therewith they executed a prenuptial agreement and amendment to prenuptial agreement which provides for a life interest in the house. She has resided there continuously.

Key documents appear on the Appendix of the Second Amended Klein Living Trust, Exhibit B to the First Amended Complaint (ER_80-ER_107); Ledgers, Attachment to Exhibit 5 to Declaration of John W. Lucas (ER_261-ER_273); Declaration of Leslie Klein Dated October 15, 2024 (ER_773); Premarital Agreement and First Amendment to Premarital Agreement, Exhibit 1 and 2 to Declaration of John W. Lucas (ER_200-ER_217);

## SUMMARY OF ARGUMENT

Preliminary Matters

There are 9 named beneficiaries of the Second Amended Klein Living Trust but for reasons unknown, Plaintiff named only four of them. The Code Commissioner's comment to *CCP §762.010* states that a judgment in a quiet title action does not bind a known party not joined. Defendants at the December 18, 2024 hearing (pages 77-78) asked the Court to note on any order that it did not bind such unnamed parties but was declined.

Secondarily, the Amended Complaint names *"The Second Amended Living Trust, a trust"*, *"The Marital Deduction Trust of Erika Klein, a trust"*, and *"The Survivor's Trust of Leslie Klein, a trust"*. It is black letter law that a trust as such can neither *"sue or be sued"* so that any judgment against them would be a nullity.

Substantive Matters

Plaintiff as well as the Court characterized the Marital Deduction Trust and Credit Trust as *"self-settled"*. To the contrary, they are funded by Erika Klein from her community property with Debtor to have a life estate in the house and with it to go to the children. There are at least triable issues on all material points.

The Second Amended Klein Living Trust executed in 1990 and naming the subject property as being in the trust fulfills all necessary requirements to convey it to the trust and no separate deed is required. *Civil Code §1092*.

The Second Amended Klein Living Trust was recorded April 11, 2013 naming the subject property and the Marital Deduction Trust and Credit Trust as well as Survivor's Trust are all set forth therein. They cannot be characterized as *"unrecorded"* so as to make *Bankruptcy Code §544(a)(3)* as possibly applicable. There is no evidence that the house has passed outside that ambit.

The residence of Barbara Klein in the house is notice of her rights including under the Premarital Agreement and First Amendment to Premarital Agreement.

While Debtor is accused of judicial estoppel or other actions, a quiet title action is to adjudicate the rights of all claimants; there is no basis to attribute any alleged mistake of Debtor to the other claimants.

## ARGUMENT

### [Preliminary Matters]

**1. THE BANKRUPTCY COURT CANNOT GRANT A JUDGMENT IN QUIET TITLE UNDER CCP §762.010 ET SEQ. EFFECTIVE AGAINST PARTIES NAMED IN THE SECOND AMENDED KLEIN LIVING TRUST BUT NOT NAMED AS PARTIES TO THE ACTION. SUCH PARTIES CANNOT BE DENIED THEIR DAY IN COURT.**

The Second Amended Klein Living Trust has five named parties, the four children of the late Erika Klein and debtor Les Klein, and the Credit Trust, who, for reasons never explained, were never joined as parties to the Quiet Title litigation.

*CCP §762.010* provides *"The plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought"*. The Code Commissioner states, *"Section 762.010 states the rule for the joinder of known adverse claimants; Failure to join these persons will result in a judgment that does not bind them"*.

Defendants Appellants filed a motion to require that Plaintiff be required to join the children as parties, under *FRCP 19*[1] which the Court denied on the grounds that Defendants had not met their burden of proof to establish their right to compel joinder. Insofar as that ruling is presented to urge that it is dispositive of any issue in the motion for summary judgment,

---

[1] The motion did not extend to the Credit Trust

the elements of the two are not the same. For instance, *Rule 19(a)(1)(B)(ii)* provides, *"a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest"*, clearly conceding that multiple parties may make identical contentions but for some reason, Plaintiff does not join five of them. See also the Code Commissioner's comment above. By definition, Plaintiff runs the risk of inconsistent results and cannot claim that the result in the case of the one who is named as a party controls the result as to the party not joined, who would be thereby denied their day in court.

Among the implications of failing to name the Credit Trust and the four children as parties to the complaint is that under the Second Amended Klein Living Trust (see p. 13), the income and principal beneficiaries of the Credit Trust are *"surviving spouse, settlors' children"*. The ledgers relating to 2014 and subsequent years show the Credit Trust as owner of the house (see ER_274).

## 2. THE BANKRUPTCY COURT CANNOT GRANT A JUDGMENT IN QUIET TITLE UNDER CCP §762.010 ET SEQ. AGAINST PARTIES ONLY NAMED AS TRUSTS.

The First Amended Complaint and the Order name as parties *"The Second Amended Klein Living Trust"*, *"The Marital Deduction Trust of Erika Klein"* and *"The Survivor's Trust of Leslie Klein"*.

A *"trust itself cannot sue or be sued"*. *Presta v. Tepper (2009) 179 Cal. App. 4th 909* cited in *Portico Management Group v. Harrison, 202 Cal. App. 4th 464, 473 (2011)*.

The California courts have consistently held that issues related to standing, which affect the jurisdiction of the court, are not waived by the failure to raise them at trial and can be addressed on appeal. *Cummings v. Stanley, 177 Cal. App. 4th 493, In re B.S., 65 Cal. App. 5th 888*.

[Substantive Matters]

3. **THE BANKRUPTCY COURT COULD NOT TREAT THE SECOND AMENDED KLEIN LIVING TRUST AS "SELF-SETTLED" BY DEBTOR WHEN IT EXPLICITLY PROVIDES THAT THE MARITAL DEDUCTION TRUST AND CREDIT TRUST (DEPENDING ON CIRCUMSTANCES) INCLUDING THE JUNE STREET PROPERTY ARE FUNDED FROM THE COMMUNITY SHARE OF THE DECEASED ERIKA KLEIN FOR THE ULTIMATE BENEFIT OF HER CHILDREN. THE SECOND AMENDED KLEIN LIVING TRUST WAS CREATED IN 1990 AND BECAME PARTLY IRREVOCABLE IN 2012 ON THE DEATH OF ERIKA KLEIN AS TO HER HALF OF THE COMMUNITY PROPERTY AND THE MARITAL DEDUCTION TRUST AND CREDIT TRUST, MORE THAN 10 YEARS BEFORE THE DATE OF BANKRUPTCY.**

Plaintiff's Motion for Summary Judgment is predicated on the assumption that the Marital Deduction Trust (MDT) and Credit Trusts are self-settled self-funded (by Debtor Leslie Klein) and hence do not enjoy the spendthrift trust protections. Instead, they are entirely funded by his late wife, Erika, from her share of the community property, creating the MDT and/or Credit Trust to hold it. Properly

viewed, they represent Erika's disposition of her half of the community property insofar as it pertains to their June Street house (*"the House"*) that she provided a life estate for the benefit of her husband, but with the remainder going to their children. The House was never an income producing asset (see Declaration of Leslie Klein). Insofar as the acquisition of the *"second half"*, the House is concerned as reflected in Exhibit E of the Plaintiff's Complaint (Declaration of Lucas, Exhibit J) it was acquired from the Survivor's Trust by the MDT in exchange for other assets of MDT, hence with proceeds from Erika, not the Debtor. The ledgers from 2014 – 2023 (Declaration of Lucas, Exhibit 5) show the House as wholly owned by the Credit Trust.

*Probate Code § 15304(b)* provides:

> *"(b) If the settlor is the beneficiary of a trust created by the settlor and the trust instrument provides that the trustee shall pay income or principal or both for the education or support of the beneficiary or gives the trustee discretion to determine the amount of income or principal or both to be paid to or for the benefit of the settlor, a transferee or creditor of the settlor may reach the maximum amount that the trustee could pay to or for the benefit of the settlor under the trust instrument, **not exceeding the amount of the settlor's proportionate contribution to the trust."***

Because the MDT and Credit Trust were entirely funded by Erika, the amount attributable to the Debtor is zero.

None of the cited cases is even remotely supportive of Plaintiff's position.

Plaintiff's cases and arguments are founded on the assumption that they are based on *Probate Code § 15304(a)* and *Nelson v. California Trust 33 Cal. 2d 501*

*(1949)*. The cases of *Cutter v. Seror (In re Cutter) 398 B.R. 6, 2008 Bankr. LEXIS 3848* and *In re Salkin 526 B.R. 31, 2015 Bankr. LEXIS 597*, relied on by Plaintiff actually show the correctness of Debtor's position.

In Cutter, the trust was settled by an unmarried man and most of the property was contributed by him. However, a portion was from a third-party source. The Bankruptcy Court held that as to that portion, it was exempt from being set aside. In this case, the source of the House in the MDT/Credit Trust is Erika's community share, and it should similarly be deemed exempt. It is clear from the Trust terms pertaining to the house and the Marital Deduction Trust as well as the declaration of Leslie Klein and the course of performance that the use of the house by Leslie Klein was limited so as to pass to their children and is not a source of income. See *CCP § 1856* (which explicitly applies to trusts) and *Employers Reinsurance Co. v. Superior Court 161 Cal. App. 4th 906 (2008)*.

The MDT/Credit Trusts are not self-settled and self-funded by Leslie but by Erika. Closer examination shows that upon her death, the MDT and/or Credit Trust are funded with her half of the community property. Since the asset in question is the house, it is clear that it is not contemplated to be sold (except as part of an exchange consented to by Leslie to acquire a replacement house). It was anticipated that it would eventually go to their children. The house was never an income producing asset. The ledgers which are part of Plaintiff's documents show

the house as an asset in the Marital Deduction Trust in 2013 and the Credit Trust from 2014 and all subsequent years.

An analysis of the Second Amended Trust (Declaration of Lucas, Exhibit I) beginning with *"Article 3 Trust Allocation after First Spouse's Death"* at Page 4 shows that upon the death of the first spouse:

a. The deceased spouse's community interest goes to the MDT and/or Credit Trust; the surviving spouse's community share goes to the Survivor's Trust.

b. (At Page 8) The Survivor's Trust remains revocable or amenable to amendment but the MDT and the Credit Trust are irrevocable.

c. In *"Article 3 Marital Deduction Trust"* (at Page 11) upon the death of the surviving spouse, the balance of the principal is payable according to the Credit Trust distribution provisions.

d. (At Page 13) provides for the surviving spouse to live rent free in the House.

**4. THE INCLUSION OF THE JUNE STREET PROPERTY IN THE SECOND AMENDED KLEIN LIVING TRUST CONSTITUTES A CONVEYANCE OF THE JUNE STREET PROPERTY WITHOUT A SEPARATE DEED PURSUANT TO ESTATE OF HEGGSTAD 16 CAL. APP. 4TH 193 AND PROBATE CODE §15200 RATHER THAN REQUIRING A SEPARATE DEED AS ASSERTED BY PLAINTIFF PURSUANT TO CIVIL CODE §1092.**

The transcript of the December 18, 2024 hearing beginning at page 57 (ER_981) has a long discussion distinguishing the present case from the *Estate of Heggstad 16 Cal. App. 4th 193*. The point of Heggstad is that it is the leading case for the proposition that property may be conveyed to a trust by declaration without a separate deed as argued by the Plaintiff. The Court appears to agree that the June Street Property was among the properties in the living trust since 1977 (page 57) and the point of distinguishing it is unclear.

5. **THE RECORDING OF THE SECOND AMENDED KLEIN LIVING TRUST WHOSE TERMS INCORPORATE THE JUNE STREET PROPERTY AND THE TERMS OF THE MARITAL DEDUCTION TRUST AND THE CREDIT TRUST AND SURVIVOR'S TRUST AS WELL AS OTHER PARTIES TO THE RECORDED SECOND AMENDED KLEIN LIVING TRUST AS SET FORTH IN THE PRAYER AND THUS GIVES NOTICE THEREOF AND THAT BANKRUPTCY CODE §544(a)(3) IS NOT APPPLICABLE.**

The Second Amended Klein Living Trust was recorded April 11, 2013 after the death of Erika Klein on December 2012. Although entitled "Second Amended Klein Living Trust", it also shows the June Street Property in Schedule A as well as the terms of the Marital Deduction Trust, Credit Trust and Survivor's Trust. *Bankruptcy Code §544(a)(3)* refers to unrecorded transfers.

6. **THE PRESENCE OF BARBARA KLEIN, RESIDENT IN THE JUNE STREET PROPERTY, IS SUFFICIENT TO PUT A PARTY (INCLUDING THE TRUSTEE) ON NOTICE OF HER RIGHTS SO THAT NO ONE COULD BE A BONA FIDE PURCHASER.**

Plaintiff is not entitled to set aside the interests in the House of Barbara Klein, Leslie's second wife, under the Premarital Agreement and First Amendment to Prenuptial Agreement (Declaration of Lucas, Exhibit 1 and 2).

In the case of *In re Zubenko 528 B.R. 784 (2015)*, the Court states as follows at 788:

> "*Although the question of whether a trustee qualifies under § 544(a)(3) is one of federal law, state law determines if the trustee's status as a bona fide purchaser will defeat the rights of a person against whom the trustee seeks to assert those powers. In re Weisman, 5 F.3d 417, 420 (9th Cir. 1993); In re Ireva Holdings, LLC, 2011 Bankr. LEXIS 5614, 2011 WL 10656544 at \*2 (Bankr. E.D. Cal. 2011). Thus, California law applies and will determine who, in this case, holds the superior interest in the Sacramento Property.*
>
> *California is a race-notice jurisdiction and requires every conveyance of real property to be recorded of the same property. Cal. Civ. Code § 1214. However, an unrecorded instrument is valid as between the parties thereto and those who have notice of it. Cal. Civ. Code § 1217. Although § 544(a)(3) creates the legal fiction of a perfect bona fide purchaser and explicitly renders the trustee's actual notice of prior grantees irrelevant, the Ninth Circuit has long-recognized that constructive or inquiry notice obtained in accordance with Civil Code § 19 can defeat a trustee's claim. Weisman, 5 F.3d at 420 (citing Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1354 (9th Cir. 1988)).*"

Open and notorious possession of real estate is sufficient to put the purchaser upon inquiry as to the interest of the occupant, legal or equitable. The case of *Wallace v. Williams 156 Cal. App. 2nd 646 (1958)* states:

> "*Section 19 of the Civil Code provides:*
> *Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.*"

As stated in the case of *Three Sixty Five Club v. Shostak, 104 Cal. App. 2d 735, at page 738 [232 P.2d 546]*:

> *"If the circumstances as to possession are such as to put a purchaser on inquiry, he is chargeable with knowledge of all that a reasonably diligent inquiry as to the rights and claims of the occupant might have disclosed. (25 Cal. Jur. 836). The circumstances of each case determine whether an inquiry should be made. This is ordinarily a question of fact." (See also Ocean Shore R.R. Co. v. Spring Valley Water Co., 218 Cal. 86 [21 P.2d 588].)"*

The presence of Barbara Klein, wife of Leslie Klein, in the House would put anyone on notice of her rights, so the would be buyer could not be a BFP.

7. **THE PARTIES TO THE ACTION OR TO THE SECOND AMENDED KLEIN LIVING TRUST OTHER THAN DEBTOR ARE ENTITLED TO THE LEGAL PROTECTIONS OF THEIR INTERESTS IN THEIR OWN STEAD AND THEY SHOULD NOT BE IMPAIRED BY ANY PURPORTED ESTOPPELS OR OTHER ALLEGED ACTIONS OR OMISSIONS BY DEBTOR.**

In numerous places, Plaintiff and the Court refer to alleged inconsistencies on grounds of judicial estoppel on the part of Debtor. There is no discussion as to why these contentions should apply to the other parties whose interests are challenged by Plaintiff.

## CONCLUSION

For the reasons set forth, the Court should overturn the Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants as being precluded by triable issues of material fact, and additionally that the Defendants named as trusts be dismissed in that a *"trust"* has no capacity to sue or be sued, and if Plaintiff decides to continue the case without joining the Credit

Trust and for the children, any judgment clearly state that it does not bind such

unnamed parties.


Dated: February 20, 2025 _____/s/__Eric J. Olson_____
Eric J. Olson
Attorney for Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

**9th Cir. BAP No. CC-25-1002**

I am the attorney for the Appellants.

This brief contains 4820 words, including 0 manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

Dated: February 20, 2025                 ____/s/__Eric J. Olson____
                                         Eric J. Olson
                                         Attorney for Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

### 9th Cir. BAP No. CC-25-1002

I hereby certify that on February 20, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

**Description of Document(s):**

Appellants' Opening Brief

Dated: February 20, 2025      \_\_\_\_/s/\_\_Eric J. Olson\_\_\_\_
               Eric J. Olson
               Attorney for Appellants