No. CC-25-1002

---

# IN THE UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE NINTH CIRCUIT

---

In re: Leslie Klein,
Debtor

---

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; Barbara Klein, an individual,
Adverse Proceeding Defendants, Appellants
v.
Bradley D. Sharp, Chapter 11 Trustee,
Adverse Proceeding Plaintiff, Appellee
On Appeal from the United States Bankruptcy Court
For the Central District of California
BK Case No. 2:23-bk-10990-NB
Adv. Case No. 2:24-ap-01140-NB
Honorable Neil W. Bason[1]

---

## APPELLANTS' REPLY TO APPELLEE'S ANSWERING BRIEF

---

Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com
Attorney for Adverse Proceeding Defendants, Appellants,
Leslie Klein, The Second Amended Klein Living Trust, The Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, Barbara Klein

---

[1] The Debtor's Chapter 11 case and related adversary proceedings were originally assigned to Honorable Sandra R. Klein. On March 3, 2025, Judge Klein retired, and the Debtor's Chapter 11 case and related adversary proceedings were transferred to Honorable Neil W. Bason.

# **TABLE OF CONTENTS**

Page

INTRODUCTION …………………………………………………4

ARGUMENT …………………………………………………………4

CONCLUSION …………………………………………………… 6

CERTIFICATE OF COMPLIANCE …………………………………... 7

CERTIFICATE OF SERVICE ………………………………………….8

# <u>TABLE OF AUTHORITIES</u>

Page

<u>CASES:</u>

Portico Management Group v. Harrison, 202 Cal. App. 4th 464, 473 (2011) …………… 4

Presta v. Tepper, 179 Cal. App. 4th 909 (2009) …………………………………………. 4


<u>STATUTES:</u>

California Code of Civil Procedure §762.010 ……………………………………………. 4

# INTRODUCTION

Most issues have been extensively briefed, and Appellant will not further address them at this point. There are, however, two existential issues.

A. First, there are 9 named beneficiaries of the Second Amended Klein Living Trust but for reasons previously unknown, Plaintiff named only four of them. The Code Commissioner's comment to *CCP §762.010* states that a judgment in a quiet title action does not bind a known party not joined. Defendants at the December 18, 2024 hearing (pages 77-78) asked the Court to note on any order that it did not bind such unnamed parties but was declined.

    The Defendants filed a motion to require the children of Erika and Leslie Klein to be joined, which the Court denied. The Credit Trust was inadvertently omitted from the motion.

B. Secondarily, the Amended Complaint names *"The Second Amended Living Trust, a trust"*, *"The Marital Deduction Trust of Erika Klein, a trust"*, and *"The Survivor's Trust of Leslie Klein, a trust"*. It is black letter law that a trust as such can neither *"sue or be sued"* so that any judgment against them would be a nullity.

A *"trust itself cannot sue or be sued". Presta v. Tepper (2009) 179 Cal. App. 4th 909 cited in Portico Management Group v. Harrison, 202 Cal. App. 4th 464, 473 (2011).*

The practical impact is who, if Plaintiff has a judgment, is bound, and will be discussed below in the Argument.

# ARGUMENT

The interests of the four children of Erika and Leslie Klein and the Credit Trust cannot be foreclosed by the failure of the Trustee to join them in the quiet title actions related to the June Street Property and in the motion for summary judgment or the unsuccessful efforts of Defendants to cause one or more names to be joined.

*CCP §762.010* provides *"The plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought"*. The Code Commissioner states, *"Section 762.010 states*

*the rule for the joinder of known adverse claimants; Failure to join these persons will result in a judgment that does not bind them".*

The explicit language of the Code Commissioner shows that only an actual joinder is effective.

As to the five beneficiaries, the Credit Trust and the four children of Erika and Leslie Klein who were not named as parties to the action, Appellee explains that they identified the parties to be named by an interrogatory answer of Leslie Klein instead of independently reviewing documents which would have disclosed them; all of the names of the beneficiaries of the Second Amended Klein Living Trust.

Each of the parties represents a different interest and if Mr. Klein made a mistake in answering the interrogatory or if he misunderstood the interrogatory, it cannot be attributed to the other parties. Those 5 parties are not bound by the judgment.

As to the Defendants named only as trusts, Plaintiff argues that there are various reasons why this mistake should be excused. The problem is that nothing was ever done by Plaintiff to correct the mistakes, including in the preparation of the Judgment by Plaintiff. Thus, any purported judgment is not effective against the parties named only as a trust.

## CONCLUSION

For the reasons set forth, the Court should overturn the Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants as being precluded by triable issues of material fact, and additionally that the Defendants named as trusts be dismissed in that a *"trust"* has no capacity to sue or be sued, and if Plaintiff decides to continue the case without joining the Credit Trust and for the children, any judgment clearly state that it does not bind such unnamed parties.

Respectfully submitted,


Dated: March 26, 2025 _____/s/   Eric J. Olson_____
Eric J. Olson
Attorney for Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

### 9th Cir. BAP No. CC-25-1002

I am the attorney for the Appellants.

This reply to appellee's answering brief contains 1,103 words, including 0 manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The reply to appellee's answering brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this reply to Appellee's answering brief complies with the word limit of Cir. R. 32-1.

Dated: March 26, 2025 _____/s/__Eric J. Olson_____
Eric J. Olson
Attorney for Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

### 9th Cir. BAP No. CC-25-1002

I hereby certify that on March 26, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

**Description of Document(s):**

Appellants' Reply to Appellee's Answering Brief

Dated: March 26, 2025                      _____/s/__Eric J. Olson_____
                                          Eric J. Olson
                                          Attorney for Appellants